Mr. Chief Justice Johnson delivered the opinion of the Court. The first question presented involves the correctness of the decision of the Circuit Court, in sustaining the demurrer of the defendant below to the plaintiff’s second replication interposed to his first plea. The substance of this replication is, that, at the time the cause of action accrued, the plaintiff resided, and has ever since resided, and at the time of the passage of the act entitled “An act concerning Limitations,” passed by the General Assembly of the State of Arkansas, to wit: the 14th of December, A.D. 1844, he resided beyond the limits of this State, to wit: in the then Territory, but now State, of Florida, and that he still resides beyond the limits of this State; and he then avers that, after the cause of action accrued and before the payment thereof, the defendant fraudulently absconded from said State of Florida, and removed to the State of Arkansas, without his knowledge, and that he, the said plaintiff, commenced this suit within five years after he became apprized of the residence of the defendant. The first plea, is a simple denial that the defendant had promised, within three years next before the commencement of the suit, in the manner and form as charged against him in the plaintiff’s declaration. The plaintiff, in his declaration, described two promissory notes, each of which was made on the 20th day of November, A.D. 1842, and payable one day after date; and he also inserted an indebitatus count, which he alleges was for money lent on the day of the date of the promissory notes. The replication under consideration was manifestly designed to be based upon the 15th sec., ch. 99, Dig. That section enacts that, “ If any debtor or debtors shall fraudulently abscond from any other State, Territory, or District, to this State, without the knowledge of his, her, or their creditor or creditors, such creditor or creditors may commence suit against such absconding debtor or debtors within the times in this act, or any other act of limitations now in force, prescribed for limiting such action or actions, after such creditor or creditors may become apprised of such residence of such absconding debtor or debtors.” The act, of which this section forms a part, was approved on the 14th of December, A.D. 1844. The act does not provide for such debtors as shall have, but only those that shall fraudulently abscond from another State and remove into our own. It is perfectly clear, from the whole section, that it was intended to operate exclusively upon those who should thereafter abscond, and remove to this State, and consequently the replication is fatally defective in failing to allege that the absconding took place subsequent to the passage of the act. The plaintiff did not tender an issue to the plea, but tacitly admitted the fact asserted in it, and endeavored to escape the consequences by bringing himself within the saving of the statute. This he could not do without charging such facts as to exclude a conclusion that the defendant absconded before the act relied upon went into operation. The Circuit Court therefore ruled correctly in sustaining the demurrer to this replication. The next point presented, relates to the propriety of sustaining the demurrer to the first replication to the second plea. The plea is, that the defendant had not promised, in manner and form, &c., within five years next before the commencement of the suit. The first replication to this plea, and the one to which a demurrer was sustained by the Court, is a direct denial of the fact set up in the plea. The replication having tendered an issue, the question that arises is, whether it is a material one, or, in other words, whether, if true in point of fact, it would authorize a finding and judgment against the defendant. The replication, it must be admitted, is perfectly good to the plea, and if the plea is an answer to the declaration, the Court necessarily erred in sustaining the demurrer to the replication. The causes of action sued upon are described in the declaration as having accrued in November, A.D. 1842, and consequently must be governed by the old limitation act. By that act, all actions upon promissory notes are barred by the lapse of three years, and, as a necessary consequence, the second plea is no answer to the declaration; and, this being the case, the replication being a denial of the plea, presented a mere immaterial issue. The rep - lication is, therefore, demurrable; yet, as the plea itself is bad, the Court did right in giving judgment against the defendant» A party should not demur unless he be certain that his own previous pleading is substantially correct, for it is an established rule that, upon the argument of a demurrer, the Court will, notwithstanding the defect of the pleading demurred to, give judgment against the party whose pleading was first defective in substance. (See 1 Ch. Pl. 662, and the cases there cited.) The second replication to the second plea is likewise demur-rable for a like reason, and therefore the Circuit Court decided correctly in rendering judgment against the defendant for the cost upon the sustaining of the demurrer. Thus it will be perceived that the Court below committed no error in the disposition which it has made of the demurrers interposed to the different replications to the pleas filed by the defendant. Upon the other two replications, that is to say, the 1st and 3d interposed to the 1st plea, the defendant took issue, and, consequently, the only question now remaining is, whether the proceedings under those issues were conducted in accordance with the law. The first of these replications assert, in ‘substance, that the defendant did, within three years next before the commencement of the suit, promise in writing, in manner and form as charged in the declaration; and the substance of the third is, that, at the time the causes of action accrued, the plaintiff resided, and has ever since resided, and at the time of the passage of the act entitled “ An act concerning Limitations,” passed by the General Assembly of the State of Arkansas, on the 14th December, A. D. 1844, he resided beyond the limits of this State, to wit: in the then Territory, and now State, of Florida, and that he still continues to reside beyond the limits of this State; and he then avers that, after the accrual of said causes of action, and after the passage of the act of 1844, the defendant fraudulently absconded from said State of Florida to this State, and that, too, without his knowledge; and further, that he commenced his suit within three years after he became apprised of the defendant’s residence. The issue formed upon the first replication is most clearly unsustained by the proof. The only piece of evidence that could, by possibility, be construed into a promise in writing is an extract of a letter from the defendant to the plaintiff, and which bears date the 24th of August, A.D. 1844. The suit was commenced on the 24th of August, 1848, thereby showing a space of more than three years from the date of the pretended promise and the institution of the suit. The evidence is quite clear that the plaintiff was and is a nonresident of this .State; that the defendant absconded early in A.D. 1845; thatathe plaintiff was not apprized of his residence until July, A.D. 1848; and it is shown by the record that the suit was commenced at the September term, 1848. The facts having all been established by the proof in the case, it is clear that the plaintiff was entitled to recover upon the issue formed upon the third replication to the first plea. The cause was submitted to the Court, and, after hearing the evidence adduced, without expressly finding upon the issues, a certain amount was ascertained to be due to the plaintiff. The finding by the Court is somewhat irregular in not specifying that it was upon the issues or particular issue; yet, for this defect of form, the judgment will not be disturbed, as it is manifestly right upon the merits. The judgment of Washita Circuit Court herein rendered, is, in all things, affirmed.